IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Clarence Braxton Tyree,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:15cv1019 (AJT/MSN) |
| Director, Virginia Department<br>of Corrections,<br>    Respondent. | )<br>)<br>)<br>) |

MEMORANDUM OPINION

Clarence Braxton Tyree, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction entered in the Circuit Court for the City of Alexandria, Virginia. On October 21, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits. Dkt. Nos. 9, 10, 11. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed no reply. Accordingly, the matter is now ripe for disposition. For the reasons that follow, petitioner's claims must be dismissed.

**I. Background**

Petitioner is in respondent's custody pursuant to a judgment of the Circuit Court for the City of Alexandria entered on June 27, 2013, wherein a jury convicted him of malicious wounding of a law enforcement officer. Dkt. No. 1 at 1; Case No. CR13000054. He was sentenced on June 27, 2015 to 15 years in prison.

Petitioner appealed, and the Virginia Court of Appeals denied the appeal on December 23, 2013. That order was affirmed by a three-judge panel on March 6, 2014. Rec. No. 1263-13-

4. Petitioner's subsequent petition for appeal to the Supreme Court of Virginia was refused on September 23, 2014. Rec. No. 140535.

The Virginia Court of Appeals' opinion dated December 23, 2013 and the record reflect the following facts:

> . . . [O]n December 25, 2012, Officer Michael Rossiter was on patrol when he observed [petitioner] leaning into a parked car, rummaging around inside. Rossiter noted larceny from automobiles was a problem in that area of town. When Rossiter parked his marked police car, [petitioner] exited the car and got on a nearby bicycle.
>
> Rossiter approached [petitioner] and asked what he was doing. [Petitioner] claimed the car belonged to his sister and provided the officer with identification. Rossiter attempted to put [petitioner] in an investigative detention and asked [petitioner] to place his hands behind his back. [Petitioner] refused and when the officer took hold of [petitioner's] left arm, [petitioner] forcefully shoved the officer with his right arm, knocking Rossiter back several steps.
>
> Rossiter called for emergency backup assistance and again approached [petitioner] intending to place him under arrest for assault. [Petitioner], a trained boxer, then punched the officer in the face. Rossiter fought back and [petitioner] repeatedly struck the officer in the head with his fist, knocking the officer to the ground. [Petitioner] attempted to strike Rossiter with his bicycle but dropped it and ran across the street when Rossiter reached for his gun.
>
> Rossiter followed [petitioner] across the street and again attempted to detain him. [Petitioner] struck the officer again. [Petitioner] walked away. Rossiter attempted to make a phone call with his cell phone and then saw [petitioner] turn around and walk back towards him. [Petitioner] walked straight to the officer and punched him in the head, again knocking the officer to the ground. [Petitioner] climbed on top of Rossiter and Rossiter lost consciousness. Rossiter was transported to the hospital to be treated for his extensive injuries.
>
> [Petitioner] surrendered when backup officers arrived. Detective Sean Casey noted [petitioner] exhibited no injuries anywhere on his body. [Petitioner] later boasted about the extent of the beating he gave the officer.

Rec. No. 1263-13-4, Dec. 23, 2013 Order at 1-2.

Petitioner executed the instant federal habeas petition on July 30, 2015, and it was filed by this Court on August 12, 2015. In his petition, he raises the following allegations:

> (1) The evidence was insufficient to prove beyond a reasonable doubt that petitioner intended to permanently maim, disfigure, or kill Officer Rossiter.

2

(2) The evidence was insufficient to prove beyond a reasonable doubt that petitioner acted with malice.

(3) The evidence was insufficient to prove beyond a reasonable doubt that petitioner's lawful resistance was criminal, and Officer Rossiter used excessive force during an unlawful arrest.

See Dkt. No. 1.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

3

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

Sufficiency of the Evidence Claims

Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on

4

direct appeal may overturn the trial court's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable"; it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

### III. Analysis

Petitioner alleges that the evidence presented was insufficient to support his conviction of malicious wounding of a law enforcement officer. Respondent acknowledges petitioner's claims are not procedurally barred, and that petitioner has exhausted his claims because he presented them to the Supreme Court of Virginia in a direct appeal.

Claim (1)

Petitioner essentially argues that, because the evidence was insufficient to prove beyond a reasonable doubt that he intended to permanently maim, disfigure, or kill Officer Rossiter, he should not have been convicted of the charge against him. After reviewing the trial transcript and considering all facts in the light most favorable to petitioner, however, the Virginia Court of Appeals[1] found:

> Here, [petitioner], a trained boxer, repeatedly and brutally struck the officer in the head with his fists. [Petitioner] punched Rossiter with enough force to knock him to the ground and to cause him to lose consciousness. [Petitioner] purposely returned to the officer to continue beating him after initially appearing to leave the scene. [Petitioner] later boasted about the severity of the beating. An attacker's "statements after the incident" expressing his intent to harm the victim and indicating "pride in his actions," demonstrate an intent to permanently injure. Johnson v. Commonwealth, 53 Va. App. 79, 104-05, 669 S.E.2d 368, 380 (2008). "It is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill." Burkeen v. Commonwealth, __ Va. __, __, 749 S.E.2d

---

[1] Because the Supreme Court of Virginia refused further review of this order without explanation, the reasoning of the Court of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

5

> 172, 175 (2013). [Petitioner] disregarded the officer's commands and actively attacked the officer while he was in the performance of his legal duties. [Petitioner's] conduct and statements provided the jury with sufficient evidence to conclude [petitioner] acted with the requisite intent. "[W]hether the required intent exists is generally a question for the trier of fact." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

Rec. No. 1263-13-4, Dec. 23, 2013 Order at 4.

Nothing in this analysis is objectively unreasonable, nor is it contrary to, or an unreasonable application of Jackson. This Court must defer to the state appellate court's determination that the evidence proved the petitioner acted with intent to permanently maim, disfigure, or kill Officer Rossiter. Claim 1 amounts to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because of the state court's rejection of petitioner's contention that the evidence was insufficient to support the charge against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 1 must be dismissed. Williams, 529 U.S. at 412-13.

### Claim (2)

Petitioner essentially argues that, because the evidence was insufficient to prove beyond a reasonable doubt that that he acted with malice, he should not have been convicted of the charge against him. After reviewing the trial transcript and considering all facts in the light most favorable to the petitioner, however, the Virginia Court of Appeals found:

> The evidence in this case amply supports the jury's finding that [petitioner] acted with malice. He immediately struck Rossiter when the officer attempted to detain him and then repeatedly punched the officer in the face. [Petitioner] declined the opportunity to end the confrontation by returning to Rossiter after Rossiter stopped his pursuit. Despite the officer's warnings, [petitioner] purposefully approached and severely beat the officer. Thus, the record supports the jury's finding that the evidence proved [petitioner] acted with malice when he attacked Rossiter and beat him with his fists.

6

Rec. No. 1263-13-4, Dec. 23, 2013 Order at 5.

Nothing in this analysis is objectively unreasonable, nor is it contrary to, or an unreasonable application of Jackson. This Court must defer to the state appellate court's determination that the evidence proved the petitioner acted with intent to permanently maim, disfigure, or kill Officer Rossiter. Similar to Claim 1, Claim 2 amounts to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because of the state court's rejection of petitioner's contention that the evidence was insufficient to support the charge against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 2 must be dismissed. Williams, 529 U.S. at 412-13.

Claim III

Petitioner alleges that there was insufficient evidence to prove beyond a reasonable doubt that petitioner's resistance was criminal. Additionally, petitioner alleges that the arresting officer used excessive force against him during an unlawful arrest. After reviewing the trial transcript and considering all facts in the light most favorable to the petitioner, however, the Virginia Court of Appeals found:

> Although [petitioner] characterized his initial encounter with the officer as an attempted arrest, the record demonstrates Rossiter was merely detaining [petitioner] while he investigated whether [petitioner] was engaging in illegal activity. "Brief, complete deprivations of a suspect's liberty, including handcuffing, 'do not convert a stop and frisk into an arrest so long as the methods of restraint used are reasonable to the circumstances.'" Thomas v. Commonwealth, 16 Va. App. 851, 857, 434 S.E.2d 319, 323 (1993) (quoting United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989)). "Once an officer has lawfully stopped a suspect, he is 'authorized to take such steps as [are] reasonably necessary to protect [his and others'] personal safety and to maintain the status quo during the course of the stop.'" Servis v. Commonwealth, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988) (quoting United States v. Hensley, 469 U.S. 221, 235 (1985)).

7

> In addition, [petitioner's] subjective view that he was under arrest when Rossiter attempted to put the handcuffs on his wrists is insufficient to convert the limited seizure into an arrest. See Alston v. Commonwealth, 40 Va. App. 728, 742, 581 S.E.2d 245, 252 (2003) ("The perception . . . that one is [in custody] is insufficient to convert a Terry stop into an arrest. A brief but complete restriction of liberty is valid under Terry.'" (alteration in original) (quoting United States v. Moore, 817 F.2d 1105, 1008 (4th Cir. 1987))).
>
> Thus, under these circumstances, [petitioner] was not under arrest, and Rossiter was exercising a limited seizure when he attempted to handcuff appellant. As an individual is not afforded the right of self-defense to resist even an unlawful detention, we do not reach the merits of whether the force [petitioner] used against Rossiter was reasonable. Hill, 264 Va. at 548, 570 S.E.2d at 809. Accordingly, we find no error with the trial court's rulings.
>
> The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [petitioner] was guilty of malicious wounding of a law enforcement officer.

Rec. No. 1263-13-4, Dec. 23, 2013 Order at 6.

Nothing in this analysis is objectively unreasonable, nor is it contrary to, or an unreasonable application federal law. To the extent that petitioner challenges the inferences that the jury drew from the evidence presented at trial, the Virginia Court of Appeals' analysis is not contrary to, or an unreasonable application of Jackson, and it is not the job of a federal habeas court to resolve evidentiary conflicts. Jackson, 443 U.S. at 326. This Court must defer to the state appellate court's determination that the evidence proved the petitioner was lawfully arrested and lawfully convicted of malicious wounding of a law enforcement officer. Similar to petitioner's previous claims, Claim 3 amounts to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because the state appellate court's determination that the evidence was sufficient to support the charge against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 3 must be dismissed. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 25th day of March 2016.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge